UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEHAN ZIBOUKH, MARGRET PHILIE, VERA FIGLOCK, NICOLE MAY, TYANA DAUGHTERY, SOLALIZ HERNANDEZ, and DEBRA KRYSTYN, on behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>WHALECO INC. d/b/a TEMU, and PDD HOLDINGS INC., <br><br>Defendants. | Case No. 23-cv-15653 <br><br> District Judge Thomas M. Durkin <br><br> Magistrate Judge Maria Valdez |

**PARTIES' JOINT SUBMISSION ON SCHEDULING PROPOSALS**

Pursuant to the Court's case procedures, Defendants Whaleco Inc. d/b/a Temu ("Temu") and PDD Holdings, Inc. ("Defendants"), and Plaintiffs Jehan Ziboukh, Margret Philie, Vera Figlock, Nicole May, Tyana Daughtery, Solaliz Hernandez, And Debra Krystyn, on behalf of themselves and all others similarly situated ("Plaintiffs"), (collectively, the "Parties"), respectfully submit their respective positions regarding a briefing schedule on Defendants' motion to compel arbitration ("Motion to Compel").

**Defendants' Position**

In November 2023, Defendants informed Plaintiffs that they intended to move to compel arbitration, and the Parties agreed to the following briefing schedule:

- February 9, 2024: Defendants' deadline to respond to the Complaint
- March 26, 2024: Plaintiffs' deadline to oppose Defendants' Motion to Compel
- Monday, April 16, 2024: Defendants' deadline to reply

(Ex. 1 at p. 1, Ex. 3 at pp. 1-2.) The schedule provides ample time for Plaintiffs to respond to Defendants' Motion to Compel. Moreover, Defendants made clear that "[w]e are of course willing

1

to work with you on scheduling if you need more time for some reason." (Ex. 1 at p. 1.) Plaintiffs twice affirmed their agreement to that schedule. (*Id.* (stating that "we can plan on the briefing schedule we discussed, and make changes if needed"); Ex. 2 at p. 2 (confirming that "we continue to agree to stipulate to the briefing schedule we discussed").)

Since that time, Plaintiffs changed course and now state that they are unwilling to consent to any briefing schedule at this time. Their justification is that "Plaintiffs may seek discovery in order to respond to Defendants' motion." (Ex. 3 at p.1.) That may be the case, but it is no reason to not enter a briefing schedule. The Motion to Compel is based simply on Plaintiffs' registration of accounts on Temu, which they do not contest. Plaintiffs asked Defendants for prior versions of Temu's Terms of Use and Privacy Policy, which Defendants have already produced as a courtesy. Plaintiffs have not identified any further information they believe they need. But regardless, if Plaintiffs believe they need additional arbitration-related discovery, they can make that argument in their response to the Motion to Compel—for which a filing deadline is needed.

Plaintiffs' position is contrary to the FAA and Seventh Circuit authority. Once Defendants make a prima facie showing of a valid arbitration agreement, the burden shifts to Plaintiffs to supply a factual basis on which to seek discovery. *Cf. Blau v. AT & T Mobility*, 2012 WL 10546, at *4 (N.D. Cal. Jan. 3, 2012) ("Defendants have made a prima facie showing that Plaintiffs agreed to arbitrate, and Plaintiffs have not met their burden of putting at issue the making of that agreement. [Plaintiffs'] request to conduct discovery as to the making of the arbitration agreements is denied."). Plaintiffs would sidestep that burden—by requesting discovery to find a factual predicate. The cases Plaintiffs cite do not support their position that they are entitled to discovery before responding to the Motion to Compel. *E.g.*, *Hoganberry v. Experian Info. Sols., Inc.*, 2023 WL 8113393, at *3 (N.D. Ill. Nov. 22, 2023) (permitting limited discovery based on factual

2

affidavit plaintiff submitted in response to motion to compel). Even if Plaintiffs' position were procedurally proper, they would fail to meet the bar to obtain discovery because they have not identified any specific evidence that would be relevant to their defense. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) ("a party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests"); *Ameriprise Fin. Servs., Inc. v. Etheredge*, 277 F. App'x 447, 449-50 (5th Cir. 2008) (a party seeking discovery to resist enforcement of an arbitration agreement must show "what evidence relevant to these defenses he suspected to find through discovery"). Permitting Plaintiffs to draw out resolution of the Motion to Compel in this manner is impermissible and inconsistent with the purpose of the FAA. *E.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (noting "Congress's clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible").

**Plaintiffs' Position**

Plaintiffs believe that entering a briefing schedule would be premature at this time, given that it is likely Plaintiffs will seek discovery in order to be able to respond to Defendants' motion to compel arbitration once they have an opportunity to review the motion. While Plaintiffs have not yet seen Defendants' motion, and thus do not yet know the full scope of discovery they may seek, courts have identified the following topics as relevant in deciding similar motions:

- **Whether the parties validly entered into an agreement to arbitrate:** "Where a party opposing arbitration puts 'the making of [an] arbitration agreement ... in issue,' the FAA entitles that party to discovery—and, if necessary, a trial—on the threshold question of whether the parties have formed a contract." *Bradley v. Meijer Stores*, L.P., 2023 WL 3042984, at *1 (N.D. Ill. Apr. 23, 2023); *see also, e.g., Hoganberry v. Experian Information Solutions, Inc.*, -- F. Supp. 3d --, 2023 WL 8113393, at *3 (N.D. Ill. Nov. 22, 2023) ("limited discovery may be necessary" on "whether the parties validly entered into" arbitration agreement).

3

- **Whether the arbitration clause is unconscionable:** "[A] party opposing a motion to compel arbitration is entitled to discovery relevant to the issue of unconscionability," *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164 (S.D. Cal. 2011); *see also Clemins v. GE Money Bank*, 2011 WL 6148676, at *1 (E.D. Wis. Dec. 8, 2011) (discovery appropriate on "issue of unconscionability").

- **Whether consumers understand the terms of the alleged agreement:** Consumers' "ability to understand and to negotiate the terms of the contract are factors in the analysis of procedural unconscionability," and thus matters such as what information was "provided to customers" about arbitration and "the number of customers who have opted out of that provision" are appropriate subjects of discovery. *Clemins*, 2011 WL 6148676, at *1.

- **Whether the costs of arbitration are prohibitive:** "If arbitration is too costly for consumers," an arbitration clause may be "substantively unconscionable," and thus "discovery into the specific costs [plaintiffs] are likely to incur in an arbitration" is appropriate. *See, e.g., Clemins*, 2011 WL 6148676, at *2.

- **Whether materials submitted with the motion are accurate and admissible:** Where the movant submits declarations, "evidence regarding the subject matter of the declarations and the basis for the declarants' knowledge is relevant and material to [defendant's] claimed right to compel arbitration." *Thomas v. Asset Acceptance, LLC*, 2014 WL 1364987, at *2 (N.D. Ill. Apr. 7, 2014).

Such discovery may be particularly necessary here where Defendants seek to enforce a novel "batch" arbitration provision, of the type that has been the subject of significant recent litigation.

Plaintiffs were planning to address a proposed discovery schedule as part of the discovery plan in the joint initial status report the Court ordered the Parties to file by February 23. ECF No. 11. While Plaintiffs agreed not to oppose Defendants' request for an extension of their filing deadline in exchange for "a minimum 45 days" to respond to Defendants' motion, Plaintiffs also informed Defendants both verbally and in correspondence on 12/29/2023 that they "will likely need discovery which will extend this timeline" and "are not in a position to agree to a proposed briefing schedule until we see Defendants' motion to compel and understand what discovery may be necessary." (12/29 email, Ex. 4)

4

Plaintiffs hope that the Parties can agree on a proposed discovery schedule as part of the joint discovery plan without the need for Court intervention, particularly in light of Defendants' repeated representations that they "are always willing to work with you on scheduling if you need more time for some reason" and (Ex. 1) "remain open to discussing an alternative schedule" (Ex. 3). Nonetheless, to the extent the Parties cannot reach agreement, the Court can resolve any dispute at the initial status conference or, if the Court prefers, Plaintiffs can file a separate motion with a proposed schedule for discovery relating to Defendants' motion to compel arbitration after Plaintiffs have an opportunity to review Defendants' motion and ascertain what discovery might be appropriate. In the meantime, Plaintiffs do not believe it makes sense to enter a schedule that is subject to revision, much less fully brief the motion to compel only to have to re-brief it after discovery is concluded. *See, e.g., Thomas,* 2014 WL 1364987, at *2 (plaintiff "must be granted the right to probe these matters through discovery before responding to Defendant's motion" to compel arbitration); *Heckman v. Live Nation Entertainment, Inc.*, 2023 WL 5505999, at *2 (N.D. Cal. Aug. 10, 2023) (consumers conducted discovery on "the validity, unconscionability, and severability" of arbitration clause before filing opposition to motion to compel).

To the extent the Court disagrees, Plaintiffs request that they be afforded a minimum of 45 days to respond to Defendants motion per the Parties' 12/29/2023 agreement, and that Plaintiffs have an opportunity to raise the issue of discovery once Defendants file their motion to compel and Plaintiffs have an opportunity to review it.

Dated: February 9, 2024

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| *Counsel for Plaintiffs and the Proposed Class* | *Counsel for Defendants* |
| By: /s/ Jeannie Y. Evans (with consent)<br>One of their attorneys | By: /s/ Serrin Turner<br>One of their attorneys |
| Jeannie Y. Evans (IL Bar No. 6296339)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>455 N. Cityfront Plaza Dr., Suite 2410<br>Chicago, IL 60611<br>Telephone: (708) 628-4962<br>Facsimile: (708) 628-4952<br>Email: jeannie@hbsslaw.com | Mark Mester (IL Bar No. 6196140)<br>Gary Feinerman (IL Bar No. 6206906)<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767<br>Email: mark.mester@lw.com<br>gary.feinerman@lw.com |
| Steve W. Berman (IL Bar No. 3126833)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com | Serrin Turner (*pro hac vice*)<br>Matthew Valenti (*pro hac vice*)<br>Hadrian Luo (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email: serrin.turner@lw.com<br>matthew.valenti@lw.com<br>hadrian.luo@lw.com |
| Douglas G. Smith<br>AURELIUS LAW GROUP LLC<br>77 West Wacker Drive, Suite 4500<br>Chicago, IL 60601<br>Telephone: (312) 451-6708<br>Email: dsmith@aureliuslawgroup.com | |