UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEHAN ZIBOUKH, MARGRET PHILIE, VERA FIGLOCK, NICOLE MAY, TYANA DAUGHTERY, SOLALIZ HERNANDEZ, DEBRA KRYSTYN, I.E., A MINOR, CYNTHIA RODRIGUEZ, J.P., A MINOR, MIGUEL ACOSTA, VINSON MANGOS, NOAH KUPPER, J.P. A MINOR, CHRISTIAN VEGA, A.H. A MINOR, AND OLAYA BOURAKKADI AMRANI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WHALECO INC. D/B/A TEMU, AND PDD HOLDINGS INC. F/K/A PINDUODUO INC., <br><br> Defendants. | Case No. 1:23-cv-15653 <br><br> District Judge Thomas M. Durkin <br><br> Magistrate Judge Maria Valdez |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO TRANSFER VENUE</u>**

I. INTRODUCTION

Plaintiffs request that the Court transfer this case to the United States District Court for the Eastern District of New York where a related data privacy case is currently pending before the Honorable Margo K. Brodie. Several weeks before Plaintiffs filed the present action, another plaintiff filed a putative nationwide class action alleging data privacy violations against Defendant WhaleCo in the Eastern District of New York. While that case initially focused on allegations that Defendants put Temu users' data at risk of theft through data breaches by third parties, the plaintiff in that case recently amended his complaint to copy certain claims and allegations from this litigation, including claims under the Illinois Biometric Information Privacy Act. Accordingly, in the interests of justice and judicial economy, and for the reasons stated below, Plaintiffs respectfully request that the Court transfer this action to the Eastern District of New York where the related litigation is pending. *See* 28 U.S.C. § 1404(a). Defendants have expressed that they intend to oppose this motion.

II. BACKGROUND

On September 20, 2023, Temu user Eric Hu filed a complaint purporting to bring a nationwide class action on behalf of Temu users alleging Defendant WhaleCo's "failure to secure and safeguard … customers' personal data," "enabling hackers to steal personal and financial data from Defendant and put[ting] Class members' personal and financial information at serious and ongoing risk." Class Action Complaint ¶ 2, *Hu v. WhaleCo, Inc.*, No. 1:23-cv-06962 (E.D.N.Y. Sept. 20, 2023), ECF No. 1 (Ex. A[1]). A few weeks later, Plaintiffs filed a class action complaint in this Court alleging that Defendants had taken various categories of Temu user data without

---

[1] All exhibits referenced herein are attached to the Declaration of Steve W. Berman filed concurrently herewith.

authorization, including Temu users' biometric data in violation of the Illinois Biometric Information Privacy Act. ECF No. 1. Defendants moved to compel arbitration of the complaint in this Court on February 9, 2024 (ECF No. 18), and Plaintiffs filed an amended complaint on February 16, 2024 (ECF No. 21). Defendants' response to the amended complaint is due on April 5, 2024.

A few days after Plaintiffs in this case filed their amended complaint, the plaintiff in *Hu* amended his complaint to, among other things, add allegations and claims that were in Plaintiffs' original complaint in this proceeding, including claims under Illinois BIPA, and claims under Massachusetts and California law. First Amended Complaint, *Hu v. WhaleCo, Inc.*, No. 1:23-cv-06962 (E.D.N.Y. Feb. 19, 2024), ECF No. 19 (Ex. B). While there continue to be many differences between the two complaints and the complaint here is much broader,[2] the amended complaints in the two cases both assert claims on behalf of nationwide classes of Temu users and both bring causes of action under various federal statutes such as the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* and Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq.*, as well as state law claims under California, Illinois, Massachusetts, and New York law.

As in this case, Defendant WhaleCo has indicated that it "intends to move to compel arbitration" in the *Hu* data breach litigation under the arbitration provisions found in Temu's Terms of Use, filing a pre-motion letter with the court to that effect on March 4, 2024. Pre-Motion Letter at 1, *Hu v. WhaleCo, Inc.*, No. 1:23-cv-06962 (E.D.N.Y. Mar. 4, 2024), ECF No. 20 (Ex. C). Plaintiff responded to this pre-motion letter on March 15, 2024, maintaining that the claims are

---

[2] For example, in addition to bringing allegations of unauthorized data collection, possession and use of Temu user data that are not contained in the *Hu* complaint, the complaint here also contains a nationwide class comprised of non-users and a nationwide class of minor Temu users that are not contained in the *Hu* complaint.

not subject to arbitration. Response, *Hu v. WhaleCo, Inc.*, No. 1:23-cv-06962 (E.D.N.Y. Mar. 15, 2024), ECF No. 22 (Ex. D). On March 18, 2024, the court in *Hu* issued a text-only order staying all discovery deadlines given the motion to compel arbitration and asking the parties to submit a proposed briefing schedule for the motion *Hu v. WhaleCo, Inc.*, No. 1:23-cv-06962 (E.D.N.Y. Mar. 18, 2024) (Ex. E). On March 28, 2024, the parties submitted a briefing schedule proposing that the defendants' motion papers be submitted by April 19, 2024. ECF No. 23 (Ex. F).

### III. ARGUMENT

Plaintiffs request that the Court transfer this case to the Eastern District of New York where the related *Hu* litigation is pending. 28 U.S.C. § 1404(a). While the claims here are much broader, and in many ways distinct from those in the *Hu* data breach litigation, the recent amendment by the *Hu* plaintiffs has resulted in potentially overlapping claims and allegations in the two actions, supporting transfer in the interests of justice and judicial economy. Most imminently, Defendants have made clear that they intend to file motions to compel arbitration in each of the two cases. In the *Hu* litigation, as here, Defendants argue that arbitration is required under Temu's Terms of Use because the complaint "asserts data-privacy causes of action against Temu, all of which arise from Plaintiffs' alleged use of the Temu app." Pre-Motion Letter at 1, *Hu v. WhaleCo, Inc.*, No. 1:23-cv-06962 (E.D.N.Y. Mar. 4, 2024), ECF No. 20 (Ex. C). Accordingly, transfer would avoid potentially duplicative proceedings and inconsistent rulings.

As courts in this circuit have recognized, "[t]he existence of related litigation in the proposed transferee forum is a significant factor in favor of transfer." *Perry v. Cable News Network, Inc.*, 2014 WL 4214873, at *4 (N.D. Ill. Aug. 25, 2014) (citing *Keppen v. Burlington N.R. Co.*, 749 F. Supp. 181, 184 (N.D. Ill. 1990) ("The most significant factor favoring transfer … is the existence of related litigation in the transferee forum.")).

"As a general rule, cases should be transferred to districts where related actions are pending." *Waller v. Burlington N. R. Co.*, 650 F. Supp. 988, 991 (N.D. Ill. 1987) (transfer of "related actions" has the effect of "promoting judicial and litigant economy"); *Waites v. First Energy Leasing Corp.*, 605 F. Supp. 219, 223 (N.D. Ill. 1985) ("As a general rule, cases should be transferred to districts where related actions are pending.").

Indeed, courts in this district have adopted a "a strong policy in favor of transferring a case to the district where a related action is pending." *Keppen*, 749 F. Supp. at 184; *see also Abbott Labs. v. Selfcare, Inc.*, 1999 WL 162805, *2 (N.D. Ill. Mar. 15, 1999) ("These concerns have led this district to adopt 'a strong policy in favor of transferring a case to the district where a related action is pending.'").

The cases need not be identical to warrant transfer, but instead need only have common questions of law and fact. *Countryman on Behalf of Upstate N.Y. Pension & Ret. Fund v. Stein Roe & Farnham*, 681 F. Supp. 479, 484 (N.D. Ill. 1987). As courts have explained, the strong policy favoring transfer of related cases prevents "duplicative litigation, unnecessary expense, a waste of judicial resources and inconvenience to witnesses and litigants." *Waller*, 650 F. Supp. at 991; *see also Waites*, 605 F. Supp. at 223; *Abbott Labs.*, 1999 WL 162805, at *2 (granting motion to transfer to "conserve[] scarce judicial resources").

While the case here and the New York case differ in many respects, they are related and contain potentially overlapping questions of law and fact. In particular, both suits contain allegations "relating to similar technology"—*i.e.*, Defendants' Temu app and its treatment of user data. *See Abbott Labs.*, 1999 WL 162805, at *2. As a result, if transfer did not occur, two courts would spend limited resources educating themselves about similar technologies. *Id.* "Requiring two courts to devote limited resources educating themselves about the same underlying technology

- 4 -

would undermine values of judicial economy." *Id.* Accordingly, "transfer is in the interest of justice." *Perry*, 2014 WL 4214873, at *4.

Finally, "the presence of the related discovery" further "favors the transfer of this action" to the Eastern District of New York. *Waites*, 605 F. Supp. at 223. Because the two cases involve common issues and the same technology, there will undoubtedly be overlap in the discovery in the two cases, which further supports transfer.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court transfer this case to the Eastern District of New York where the related *Hu* data breach litigation is pending.

DATED: March 29, 2024

Respectfully submitted,

*/s/ Steve W. Berman*
Steve W. Berman (Bar No. 3126833)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeannie Evans (Bar No. 6296339)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4952
jeannie@hbsslaw.com

Douglas G. Smith
**AURELIUS LAW GROUP LLC**
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 451-6708
dsmith@aureliuslawgroup.comp

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ Steve W. Berman*
Steve W. Berman